STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 24 2015

RECEIVED

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-320

NIELS MANK,

        Plaintiff

   v.

MSAD 15,

        Defendant

ORDER

Before the court is defendant M.S.A.D. 15's motion for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil,* 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue,* 1997 ME 99 ¶ 8, 694 A.2d 924.

In this case plaintiff Niels Mank has brought a one-count complaint alleging that his position as Manager of Transportation and Facilities at MSAD 15 was eliminated and his contract was not renewed in violation of the Maine Whistleblowers Protection Act (MWPA), 26

M.R.S. § 833, which provides that an employer may not discharge or otherwise discriminate against an employee because

> The employee, acting in good faith . . . reports orally or in writing to the employer or a public body what the employee has reasonable cause to believe is a violation of a law or rule adopted under the laws of this State . . . .

26 M.R.S. § 833(1)(A).

In order to set forth a prima facie case under the MWPA, a plaintiff must show (1) that he engaged in activity protected by the Act, (2) that he experienced an adverse employment action, and (3) that there was a causal connection between the protected activity and the adverse employment action. *Hickson v. Vescom Corp.,* 2014 ME 27 ¶ 17, 87 A.3d 704. In its motion for summary judgment MSAD 15 argues that the summary judgment record does not demonstrate that there are disputed issues for trial on (1) whether the reports made by Mank constituted protected activity and (2) whether there was any causal connection between the reports he made and the elimination of his position.


1. Protected Activity

Mank alleges that he reported to his superiors at MSAD 15 that he was being subjected to hazing and harassment by certain of his subordinates, in violation of 20-A M.R.S. § 6553(2), which provides as follows:

> The school board shall adopt a policy which establishes that "injurious hazing," either on or off school property, by any student, staff member, group or organization affiliated with the public school is prohibited.

"Injurious hazing" is defined as

> any action or situation, including harassing behavior, that recklessly or intentionally endangers the mental or physical health of any school personnel or a student enrolled in a public school.

20-A M.R.S. § 6553(1)(A).

This case may constitute a stretch of both the concept of hazing and the Whistleblowers Protection statute.[1] However, Mank has offered evidence that in August and September of 2012 he reported to his superiors that he had been bullied, intimidated, hazed, defamed, and harassed by one of his subordinates, Margaret Litrocapes (the local union president). In his report Mank specifically invoked the anti-hazing statute and policy under 20-A M.R.S. § 6553. He reported, among other things, that Litrocapes had researched his private life activities in order to publicly humiliate him, that she continually attacked his character and credibility, and that she had defamed his character in the community. He reported that she was intentionally inflicting emotional pain on him and he had sought medical treatment for stress as a result.

Contrary to MSAD 15's argument, protected activity under the MWPA is not limited to reports of alleged violations of law or rules by the employer. Reports of violations by other employees may still be protected. *See Hickson v. Vescom Corp.,* 2014 ME 27 ¶ 20.

MSAD 15 also argues that all of Litrocapes's alleged hazing would constitute protected union activity under the Municipal Public Employees Labor Relations Law. There is very little doubt that a lot of the alleged conduct complained of by Mank – most notably Litrocapes's criticism of Mank's managerial performance and her solicitation of negative feedback from other employees – falls within the scope of rights protected by 26 M.R.S. §§ 963 and 964(1)(A).

---

[1] It is not clear that the legislative requirement in 20-A M.R.S. § 6553 that schools adopt a policy against hazing was intended to cover behavior by school employees directed at one of their supervisors. MSAD 15 does not, however, raise this argument, and the plain words of the statute appear to cover hazing directed at school personnel regardless of the source of the hazing. MSAD 15 also does not contest that where the Legislature has mandated an anti-hazing policy, a violation of that policy would constitute the violation of a "rule adopted under the laws of this State" within the meaning of 26 M.R.S. § 833(1)(A).

However, the court cannot find on this record that it is undisputed that all of the alleged hazing which Mank reported would have fallen within the scope of protected union activity.[2] Viewed in the light most favorable to Mank, there is a disputed issue for trial as to whether some of Litrocapes's alleged conduct crossed the line and became vindictive harassment that violated MSAD 15's anti-hazing policy – notwithstanding her right to engage in union activity under 26 M.R.S. § 963 and the prohibition in § 964(1)(A) on any interference by the school district with her right to engage in protected union activity.

Even if all of Litrocapes's conduct was in fact protected union activity, Mank's complaints about that conduct would fall within the MWPA if Mank had "reasonable cause to believe" that Litrocapes's conduct constituted injurious hazing. *Tripp v. Cole,* 425 F.3d 5, 9 (1st Cir. 2005) ("Under the MWPA, the complained-of conduct need not *actually* be illegal, but the employee must 'prove that a reasonable person might have believed' that it was.") (emphasis in original). There is a disputed issue for trial on this issue.

MSAD 15 also contends that because Mank was Litrocapes's supervisor, he had the responsibility to manage and discipline her and his admitted inability to perform that function cannot constitute the basis of a MWPA claim. The problem with this argument is that Mank has offered evidence that the District repeatedly failed to back him in his attempts to manage, supervise, and discipline Litrocapes. The superintendent acknowledged that none of the union grievances that were brought against Mank were justified. Moreover, it appears to have been the

---

[2] MSAD argues that some of the evidence that Mank has proffered with respect to the alleged hazing by Litrocapes is derived from an unsworn attachment to unsworn answers to interrogatories. However, Mank signed a declaration that his answers to interrogatories were "under penalty of perjury," which the court finds sufficient under 28 U.S.C. § 1746. Moreover, the attachment to his interrogatories was declared (under penalty of perjury) to be a "summary of the harassment and hazing" he experienced. Under these circumstances, the court is not prepared to disregard the summary in question.

4

superintendent's responsibility – not Mank's – to enforce the anti-hazing policy. As a result, there are disputed issues of fact on this issue as well.

## 2. Causal Connection

MSAD 15 contends that Mank cannot demonstrate the existence of a causal connection between his reports of hazing and the District's adverse employment decision. Although it is true that Mank's specific hazing complaints occurred August and September 2012 and the decision to eliminate his job and terminate his contract occurred in February 2013, Mank sent an email to his supervisor in late January that – although it did not expressly mention "hazing" and also discussed "huge work load expectations" that Mank could not meet – pretty clearly referred to the complaints that Mank had previously made about personal attacks and public humiliation at the hands of "Margaret and the Union." Construed in the light most favorable to Mank, the January email was a reiteration of his hazing complaint.

There is also evidence that the email was forwarded to the Superintendent shortly before the latter made the decision to eliminate Mank's job and not to renew his contract. Under *Fuhrmann v. Staples the Office Superstore East Inc.,* 2012 ME 135 ¶ 16, 58 A.3d 1083, temporal proximity is sufficient to demonstrate the existence of a prima facie causal connection for purposes of defeating a motion for summary judgment.

The entry shall be:

Defendant's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

5

Dated: September 24, 2015

Thomas D. Warren
Justice, Superior Court

MICHAEL BUESCHER, ESQ.
DRUMMOND WOODSUM
84 MARGINAL WAY, SUITE 600
PORTLAND, ME. 04101

Defense Counsel

MELISSA HEWEY, ESQ.
DRUMMOND WOODSUM
84 MARGINAL WAY, SUITE 600
PORTLAND, ME. 04101

Defense Counsel

GUY D. LORANGER, ESQ.
ONE GRANNY SMITH COURT, SUITE 3
OLD ORCHARD BEACH, ME. 04064

Plaintiff's Counsel